be that the period of danger was too short to serve as the basis of any award of damages, however the uncontradicted evidence shows that following his escape from the danger and for some time thereafter he was very nervous, and although it does not appear that he will suffer any permanent impairment of his nervous system, or of his health, it appears certain that he did, for an appreciable time, suffer some anguish as a result of the fright, and that that was some shock of his nervous system, for which, we think, he is entitled to recover some damages, and we do not find that the amount fixed by the trial court was excessive or inadequate.

The judgment is therefore affirmed.

Crain, Jackson and Johnston, of Shreveport, attorneys for plaintiff, appellee.

Philip H. Mecom, of Shreveport, attorney for defendant, appellant.

### STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Graham Glass Company, sued defendant, F. L. Dyer, as guarantor of J. M. Blakely, to recover a balance of $936.05 owing by Blakely to the plaintiff upon an open account. The defendant filed what was, in effect, a general denial. On trial he offered evidence tending to prove that he had been released from his guaranty by the plaintiff. The evidence was objected to by plaintiff and admitted subject to the objection and apparently disregarded by the court in rendering judgment. The judgment was in favor of the plaintiff and the defendant appealed.

### OPINION.

The defendant, in brief, concedes that under the pleadings and the evidence not objected to the judgment is correct, but contends that the cause should be remanded to the trial court to enable him to amend his answer and set up the defence sought to be established by the evidence objected to.

So that the only question before the court is whether the cause should be remanded for this purpose.

---

No. 2958

Second Circuit

---

### GRAHAM GLASS CO. v. DYER

---

(March 12, 1929. Opinion and Decree.)

---

The defence that the defendant was released from his obligation by the plaintiff is contrary to and destructive of that set up in his answer, which was, in effect, that he had not contracted the obligation. He was aware of this defence before he filed his answer and yet did not plead it, nor did he ask permission of the trial court to amend his answer so as to plead the defence on the evidence offered in support of it being objected to.

The defence of release rests upon alleged conversation over the telephone between defendant and an agent of plaintiff and the agent positively denies the alleged release.

Admittedly the judgment is correct under the pleadings and the evidence on which it is based and accordingly it is affirmed.

**No. 3355**

**Second Circuit**

---

**UNION INDEMNITY CO. v. McBRIDE**

---

(March 12, 1929.  Opinion and Decree.)

---

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellant.

Rusca and Cunningham, of Natchitoches, attorneys for defendant, appellee.

WEBB, J.  Plaintiff, Union Indemnity Company, having insured an automobile belonging to J. H. Walker, which was damaged in a collision with an automobile owned by defendant W. J. McBride, which was at the time of the collision being driven by the latter's minor son, instituted the present action to recover the amount paid by it for having Walker's car repaired, and also for the expenses incurred in investigating the accident, and it appeals from a judgment rejecting its demands.

Plaintiff alleged, in substance, that J. H. Walker was driving north on Front Street in the City of Natchitoches at a slow rate of speed and on the right side of the roadway, and desiring to turn to the left into a side street he gave the proper signal by extending his hand, and that as he was turning to enter the side street the automobile being driven by defendant's son was driven into collision with Walker's automobile.

In answer, defendant, after excepting that the petition failed to state a cause of action, admitted that the accident had occurred at the place alleged but denied that Walker had given any signal of his intention to turn to his left into the side street, and alleged that the driver of his car had given a signal of his desire to pass the Walker car and that as he turned to pass Walker had, without any warning